No. 23-1968

# UNITED STATES COURT OF APPEALS
# FOR THE SEVENTH CIRCUIT

UNITED STATES OF AMERICA,
    Plaintiff-Appellee,

v.

DONALD DEAN REYNOLDS
    Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Indiana
Case No. 3:22-CR-22
The Honorable Judge Damon R. Leichty

# REPLY BRIEF OF
# DEFENDANT-APPELLANT DONALD DEAN REYNOLDS

Northern District of Indiana
Federal Community Defenders, Inc.
Chad J. Pennington
Attorney for Defendant-Appellant
Donald Dean Reynolds

200 E. Main Street, Suite 905
Fort Wayne, IN 46802
Phone: (260) 422-9940
Fax: (260) 422-9954
Email: Chad_Pennington@fd.org

**Oral Argument Requested**

**APPEARANCE & CIRCUIT RULE 26.1 DISCLOSURE STATEMENT**

Appellate Court No: __23-1968__

Short Caption: __United States v. Donald Dean Reynolds__

   To enable the judges to determine whether recusal is necessary or appropriate, an attorney for a non-governmental party, amicus curiae, intervener or a private attorney representing a government party, must furnish a disclosure statement providing the following information in compliance with Circuit Rule 26.1 and Fed. R. App. P. 26.1.

   The Court prefers that the disclosure statements be filed immediately following docketing; but, the disclosure statement must be filed within 21 days of docketing or upon the filing of a motion, response, petition, or answer in this court, whichever occurs first. Attorneys are required to file an amended statement to reflect any material changes in the required information. The text of the statement must also be included in the front of the table of contents of the party's main brief. **Counsel is required to complete the entire statement and to use N/A for any information that is not applicable if this form is used.**

☐    **PLEASE CHECK HERE IS ANY INFORMATION ON THIS FORM IS NEW OR REVISED AND INDICATE WHICH INFORMATION IS NEW OR REVISED.**

(1)    The full name of every party that the attorney represents in the case (if the party is a corporation, you must provide the corporate disclosure information required by Fed. R. App. P. 26.1 by completing item #3):
    Donald Dean Reynolds

(2)    The names of all law firms whose partners or associates have appeared for the party in the case (including proceedings in the district court or before an administrative agency) or are expected to appear for the party in this court:
    Chad J. Pennington, Federal Community Defenders, Inc. 200 E. Main Street, Suite 905, Fort Wayne, IN 46802

    David E. Vandercoy, Federal Community Defenders, Inc., 130 S. Main Street, South Bend, IN 46601

(3)    If the party, amicus or intervener is a corporation:

    i)    Identify all its parent corporations, if any; and
        N/A

    ii)    list any publicly held company that owns 10% or more of the party's, amicus' or intervener's stock:
        N/A

(4)    Provide information required by FRAP 26.1(b) – Organizational Victims in Criminal Cases:
    N/A

(5)    Provide Debtor information required by FRAP 26.1 (c) 1 & 2:
    N/A

---

Attorney's Signature: __s/ Chad J. Pennington__     Date: _____

Attorney's Printed Name: __Chad J. Pennington__

Please indicate if you are *Counsel of Record* for the above listed parties pursuant to Circuit Rule 3(d).    Yes ☑    No ☐

Address: __200 E. Main Street, Suite 905, Fort Wayne, IN 46802__

Phone Number: __(260) 422-9940__     Fax Number: __(260) 422-9954__

E-Mail Address: __chad_pennington@fd.org__

rev. 12/19 AK

# TABLE OF CONTENTS

**PAGE**

Circuit Rule 26.1 Disclosure Statement ................................................................. ii

Table of Contents ..................................................................................................... iii

Table of Authorities ................................................................................................. iv

Issue Presented For Review ..................................................................................... 1

Argument Response .................................................................................................. 1

    1.  Background. ................................................................................................... 2

    2.  Section 3583 .................................................................................................. 3

    3.  Mr. Reynolds preserved his challenge ........................................................ 5

    4.  The District Court treated revocation as mandatory without considering § 3583(d). ................................................................................. 7

Conclusion ................................................................................................................ 12

Certificate of Compliance with F.R.A.P. Rule 32(a)(7)(C) ..................................... 13

Certificate of Service ................................................................................................ 14

# TABLE OF AUTHORITIES

**CASES** **PAGE**
*United States v. Crace*, 207 F.3d 833, 836, (6th Cir. 2000) ......................................... 11
*United States v. Hammonds*, 370 F.3d 1032, 1039 (10th Cir. 2004) ......................... 11
*United States v. McSwain*, 25 F.4th 533, 537 (7th Cir. 2022) ..................................... 5
*United States v. Pierce*, 132 F.3d 1207, 1208, 1209 (8th Cir. 1997)................. 9, 10, 11


**STATUTES**
18 U.S.C. § 3231............................................................................................................. 2
18 U.S.C. § 3583............................................................................................................. 3
18 U.S.C. § 3583(d) ............................................................................................... *Passim*
18 U.S.C. § 3583(e)..................................................................................................... 3, 8
18 U.S.C. § 3583(g) ............................................................................................... *Passim*
18 U.S.C. § 3605............................................................................................................. 2


**OTHER AUTHORITIES**
Federal Rule of Criminal Procedure 32.1 .................................................................... 2

## I. ISSUE PRESENTED FOR REVIEW

Whether the District Court abused its discretion in finding that Mr. Reynolds was subject to mandatory supervised release revocation, without consideration of the exception to mandatory revocation under 18 U.S.C. § 3583(d)?[1]

## II. ARGUMENT RESPONSE

"Revocation is mandatory – of course, I've already done that – because [Mr. Reynolds] possessed a controlled substance." App. p. 25. The record shows that the District Court viewed Mr. Reynolds's supervision revocation as mandatory. And, the District Court found Mr. Reynolds possessed a controlled substance. The District Court could not have been clearer on either matter. The government's response that the District Court did not believe Mr. Reynolds's supervision revocation was mandatory nor did it find that Mr. Reynolds possessed a controlled substance, *see* DE 18 p. 13, is plainly contradicted by the record.

---

[1] "R." refers to the District Court docket entries. "DE" refers to the docket entries before this Court. "App." refers to the short appendix attached in support of Mr. Reynolds's opening brief.

The government advances two arguments in response. First, it argues that Mr. Reynolds failed to present his argument before the District Court, and consequently, this Court here should apply plain error review. *See id.* at 9. And, second, in effect, that the District Court did not proceed under a mistaken belief that supervision revocation was mandatory here. *See id.* at 11. Both arguments are unavailing, and the Court here should remand the matter so the District Court may properly consider the exception to mandatory supervision revocation under § 3583(d).

1. **Background**

On April 29, 2023, United States Probation ("Probation") filed the operative, second amended petition to revoke Mr. Reynolds's supervised release. App. pp. 2-3. On May 11, 2023, the District Court held a supervised release revocation hearing pursuant to Federal Rule of Criminal Procedure 32.1 on the petition. App. pp. 5-8, 10.[2] At the hearing, the parties stipulated to two supervision violations. App. p. 21.

---

[2] The parties do not dispute this Court properly exercises subject matter jurisdiction. Mr. Reynolds agrees with the government that the District Court exercised jurisdiction over Mr. Reynolds's supervised release revocation under 18 U.S.C. § 3605 in addition to 18 U.S.C. § 3231.

One of the stipulated violations pertains to Mr. Reynolds's direct appeal here. Specifically, that is, that he submitted two positive urine tests for amphetamine and methamphetamine, constituting a grade B, drug possession, violation. *See id.*; *see also* App. p. 25. The District Court found that a sufficient factual basis existed to revoke Mr. Reynolds's supervision term based on the stipulated facts, App. p. 24, and found revocation mandatory based on Mr. Reynolds's controlled substance possession. App. p. 25.

**2. Section 3583**

Generally, 18 U.S.C. § 3583 provides that a term of supervised release follows a custodial prison term. While on supervised release, a supervisee is subject to certain conditions, including mandatory and discretionary conditions. § 3583(d). When a supervisee violates a supervised release condition, the District Court may extend or revoke the term of supervised release, among other corrective action. § 3583(e). Further, a violating supervisee is subject to sanction, including serving a custodial term based on the violation. *See id.*

18 U.S.C. § 3583(g) imposes mandatory supervised release revocation based on four supervisee violation types: Controlled

substance possession, firearm possession, failure to comply with drug testing, and more than three positive tests for controlled substance use. As stated above, the District Court found Mr. Reynolds's supervised release revocation mandatory based on his possession of a controlled substance, amphetamine and methamphetamine.

Under 18 U.S.C. § 3583(d), however, there is an exception to mandatory revocation: A district court "*shall* consider whether the availability of appropriate substance abuse treatment programs, or an individual's current or past participation in such programs, warrants an exception in accordance with United States Sentencing Commission guidelines from the rule of section 3583(g) when considering any action against a defendant who" has failed a chemical drug test. Combined, § 3583(g) imposes mandatory supervision revocation, while § 3583(d) provides for an exception to mandatory revocation when a supervisee has failed a chemical drug test. Neither statute is facially elective, and a district court may not decline applying them in a supervised release revocation proceeding. *See* § 3583(g) ("Mandatory Revocation for Possession of Controlled Substance"); *see also* § 3583(d) (a district court "shall" consider "substance abuse treatment programs" as an exception

4

to mandatory supervision revocation.). The District Court's error here was proceeding under a mistaken belief that § 3583(g) applied without considering whether an alternative to revocation existed under § 3583(d).

### 3. <u>Mr. Reynolds preserved his challenge</u>

The parties do not dispute that the abuse of discretion standard ordinarily applies to a supervised release revocation proceeding. DE 18 p. 9; *see also United States v. McSwain*, 25 F.4th 533, 537 (7th Cir. 2022). The government maintains, however, that this Court should apply plain error because Mr. Reynolds "did not" mention § 3583(d) at the revocation proceeding. *Id.* at 10.

True, Mr. Reynolds did not specifically identify § 3583(d), however, he specifically inquired whether the District Court was permitted to stay revocation in lieu of programming. App. pp. 35-36. The District Court, for its part, asked Mr. Reynolds how he would propose to structure his request to stay revocation and attend programming. App. pp. 35-36. To which, Mr. Reynolds stated that he would ask the "[District] Court -- I don't know if [it] can even do this -- to take today's determination under advisement, permit him to go to

5

Regional Mental Health for that treatment program, and then schedule a status [hearing] after he's completed the Regional Mental Health Program, as opposed to concluding today's determination with a revocation and a sentence of confinement." App. p. 36. The record shows that Mr. Reynolds presented the issue of whether the District Court must revoke Mr. Reynolds's supervision, and the District Court declined to consider the mandatory revocation exception.

Further, the government argues that Mr. Reynolds "had nothing to add" as to revocation, and he "failed to raise any treatment-based argument before the court announced it would revoke his release." DE 18 p. 10. But, when Mr. Reynolds stated he had "nothing to add[,]" App. p. 23, it was in the context of whether he wished to proffer factual content regarding the stipulated violation. At that time, Mr. Reynolds had stipulated to the drug possession violation and his representation that he had "nothing to add" related to the factual proffer the government had submitted in support of the stipulated violation. App. p. 23; *see also* App. p. 24. Mr. Reynolds had no factual content to add to the operative violation's factual basis, but the record, nonetheless, shows he presented the issue of whether the District Court could stay

6

mandatory revocation. *See* App. pp. 35-36. Mr. Reynolds's purported failure to add factual content to the stipulated violation does not show that he failed to advance an argument at the revocation hearing that the District Court should not revoke his term of supervised release. On the contrary, Mr. Reynolds asked the District Court to not conclude the hearing by revoking his term of supervision. *See* App. pp. 35-36.

In addition, the government's argument overlooks that § 3583(d) imposes a duty on the sentencing court to consider alternatives to mandatory revocation. Under the statute, a district court "*shall* consider whether the availability of appropriate substance abuse treatment programs," provide a basis to avoid the mandatory revocation provisions under § 3583(g). § 3583(d). The District Court here had no discretion to not consider § 3583(d) independent of Mr. Reynolds's presented argument.

### 4. **The District Court treated revocation as mandatory without considering § 3583(d)**

The District Court plainly stated that it viewed revocation as "mandatory, of course" "because [Mr. Reynolds] possessed a controlled substance." App. p. 25. The District Court did not infer possession, it

7

explicitly found drug possession and based Mr. Reynolds's already imposed revocation on that finding.

The government argues that the District Court's references to "mandatory revocation" should be viewed as a statement on its sentencing authority. *See* DE 18 p. 17. However, to the single extent the District Court opined on whether it could revoke Mr. Reynolds's term of supervision, it noted that revocation was mandatory and that it had already imposed revocation. Assuming the District Court's single reference to mandatory revocation was made within its sentencing authority context, the District Court still stated that revocation was mandatory and then proceeded to discuss the sentencing options in light of the mandatory revocation.

Furthermore, as noted above, § 3583(d) is not a discretionary exception to § 3583(g). The District Court could not elect to proceed "under the discretionary revocation provisions" in § 3583(e) as the government maintains. DE 18 p. 13.

The government is correct, the District Court was apprised of § 3583(d) in the violation summary, *see* R. 45 pp. 5-6, but its treatment of its revocation authority does not show it viewed revocation as non-

8

mandatory. *See United States v. Pierce*, 132 F.3d 1207, 1208-09 (8th Cir. 1997) (remanding where the reviewing court was not "convinced that the district court recognized that it had . . . alternatives [to revocation and custody]" under § 3583(d)). Indeed, in this case, that the District Court was not certain it could impose programming as an alternative to revocation, and asked Mr. Reynolds how he would propose structuring an alternative disposition, should leave this Court far from "convinced" that the District Court was aware of the mandatory exception under § 3583(d). *Pierce*, 132 F.3d at 1209.

The government claims that "everyone present believed treatment alternatives were on the table" DE 18 p. 14, but the record does not show that the District Court understood its authority to not revoke the term of supervision when Mr. Reynolds presented that option during the revocation hearing. App. pp. 35-36. It is fair to say the District Court entertained argument as to why programming was or was not appropriate, but the record does not show it considered alternatives to *revocation* when presented with that option by Mr. Reynolds.

The government argues that *Pierce* is distinguishable, however, in that case, the appellant-defendant argued that the district court "was

not required to impose a prison sentence for the violation." 132 F.3d at 1207. Here, Mr. Reynolds did not necessarily argue that the District Court was not required to impose revocation, but he did ask the District Court to not conclude the hearing by revoking his supervision term and permit him an opportunity to attend programming at an area provider. App. pp. 35-36. Like *Pierce*, Mr. Reynolds here raised an alternative to revocation. And, like *Pierce*, the record does not show the District Court believed it could not revoke his term of supervision when presented with an alternative. The District Court may have stated why a term of prison was preferable to treatment, but the District Court did not indicate an awareness that no revocation or no custodial term was possible under the § 3583(d) exception. Indeed, the District Court asked Mr. Reynolds how he would propose fashioning a non-custodial sentence, without acknowledging it retained authority to do so under § 3583(d). The same indications are present here, like *Pierce*, that the District Court believed there were no alternatives to revocation under § 3583(g) based on its finding that Mr. Reynolds possessed a controlled substance.

Mr. Reynolds acknowledges case law stating that the record must show only that a district court "did not recognize that it could grant the exception" under § 3583(d). *United States v. Hammonds*, 370 F.3d 1032, 1039 (10th Cir. 2004); *see also United States v. Crace*, 207 F.3d 833, 836 (6th Cir. 2000) (a reviewing court does "not require magic words in the record of the sentencing hearing indicating that substance abuse treatment was considered in order to uphold the district court's prison sentence."). First, Mr. Reynolds urges this Court to follow *Pierce's* rationale that a reviewing court should be "convinced" the lower court considered the required statutory exception. 132 F.3d 1209. And, in addition, Mr. Reynolds's case does show that the District Court here did not recognize its authority to grant an exception to mandatory revocation. To the sole extent the District Court opined on its authority, it stated revocation was mandatory and that it had "already" ordered revocation. App. p. 25. When Mr. Reynolds asked that revocation be stayed at the conclusion of the hearing, the District Court asked Mr. Reynolds how that process would work, not that it had the authority, but would not exercise it. App. pp. 35-36. The record shows that the

11

District Court here did not recognize its authority to grant an exception to revocation. Under any standard, remand is warranted.

## III. CONCLUSION

Mr. Reynolds respectfully requests that this Court vacate the District Court's imposed 21-month custodial sentence and remand to determine whether revocation of supervised release is appropriate in the first instance under § 3583(d).

Date: <u>January 16, 2024</u>

          Respectfully submitted,

          Northern District of Indiana
          Federal Community Defenders, Inc.

          By: <u>s/Chad J. Pennington</u>
             200 E. Main Street, Suite 905
             Fort Wayne, IN 46802
             Phone: (260) 422-9940
             Fax: (260) 422-9954
             E-mail: Chad_Pennington@fd.org

# CERTIFICATE OF COMPLIANCE WITH FRAP RULE 32(a)(7)(C)

      The undersigned certifies that this brief complies with the volume limitations of Federal Rule of Appellate Procedure 32(a)(7)(C) and Circuit Rule 32 in that it contains 2316 words as shown by Microsoft Word for Microsoft 365 used in preparing this brief.

Date:  <u>January 16, 2024</u>

                                        <u>s /Chad J. Pennington</u>
                                        Chad J. Pennington, Attorney for
                                        Defendant-Appellant Donald D.
                                        Reynolds

## CERTIFICATE OF SERVICE

I hereby certify that on <u>January 16, 2024</u>, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Seventh Circuit by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

<u>s /Chad J. Pennington</u>
Chad J. Pennington, Attorney for Defendant-Appellant Donald D. Reynolds